IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAREN EVANS,

    Plaintiff,

v.

ALDI, INC.,

    Defendant.                                      Case No. 07-cv-382-DRH

## ORDER

**HERNDON, District Judge:**

Plaintiff has filed a Motion for Voluntary Dismissal (Doc. 17) of her claims against defendant Aldi, Inc., without prejudice, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**. Rule 41(a)(2) allows a court to consider whether it is proper to order a party dismissed, upon the plaintiff's motion. It is within the court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2). ***Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994);** ***Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980)**. In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. ***Tyco Laboratories,* 627 F.2d at 56**.

In the instant matter, defendant Aldi, Inc., removed this case from state court upon the basis of federal question jurisdiction, believing that Plaintiff's instant claim for retaliatory discharge "is an asset constituting property of the bankruptcy estate." Defendant explains that Plaintiff's cause of action in this case allegedly arose after she had filed for Chapter 13 bankruptcy but before her Debtor Plan was initially approved. Further, Defendant states that Plaintiff did not disclose this claim as an asset of her bankruptcy estate (Doc. 2, p. 2). Apart from the removal, it appears Defendant has filed its Answer and that the parties have likely engaged in some pretrial discovery – although it is not apparent from the record as to the amount of effort either party has expended in this regard – however, no dispositive motions have been filed at this juncture of the proceedings. Thus, the Court finds that although Defendant has certainly expended some effort in litigating this matter, the Court does not believe this effort outweighs the fact that if Plaintiff does not want to pursue this action, she should have the right to seek a dismissal, especially given the fact that Defendant has no objections. Accordingly, the Court **GRANTS** Plaintiff's request (Doc. 17) to dismiss defendant Aldi, Inc., pursuant to **Rule 41(a)(2)**. Plaintiff's claims against defendant Aldi, Inc., are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 9th day of June, 2008.

/s/      *David R Herndon*
**Chief Judge**, **United States District Court**